UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAHIR NASEER, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-0225 WBS CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On April 4, 2014, the court ordered that service of process is appropriate for defendant Naseer based upon allegations in plaintiff's complaint. Before service occurred, plaintiff filed several documents including what appear to be three different proposed amended complaints. Because plaintiff, generally speaking, is entitled to amend his complaint one time as a matter of course, see Fed. R. Civ. P. 15, the court will accept the third amended complaint filed September 5, 2014 (ECF No. 22) as the new operative complaint in this action.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As with plaintiff's original complaint, plaintiff's third amended complaint states a claim upon which relief could be granted against defendant Naseer under the Eighth Amendment. Therefore, the court will again order that Naseer be served with process. As for defendants Ruiz and Silva, plaintiff fails to state a claim upon which relief can be granted.[1] Therefore, the court will recommend that they be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward to the United States Marshal the instructions for service of process, the completed summons, copies of the third amended complaint, copies of the form Consent to Proceed Before a United States Magistrate Judge, and copies of this order.

2. Within fourteen days from the date of this order, the United States Marshal shall notify defendant Naseer of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3. The United States Marshal shall retain the sealed summons and a copy of the third amended complaint in its file for future use.

4. The United States Marshal shall file any returned waiver of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5. If a defendant waives service, the defendant is required to return the signed waiver to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

6. If a defendant does not return a waiver of service of summons within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order on the defendant in accordance with Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c) and shall command all

---

[1] Essentially, plaintiff asserts defendants Ruiz and Silva simply followed instructions given by defendant Dr. Naseer to not provide plaintiff with fluids. Plaintiff fails to point to anything suggesting that their following Dr. Naseer's orders amounts to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

1 necessary assistance from the California Department of Corrections and
2 Rehabilitation (CDCR) or any last known employer of a defendant to execute this
3 order.  The United States Marshal shall maintain the confidentiality of all
4 information so provided pursuant to this order.
5     b. File, within fourteen days after personal service is effected, the return of
6 service, along with evidence of any attempts to secure a waiver of service of
7 summons and of the costs subsequently incurred in effecting service on the
8 defendant.  Such costs shall be enumerated on the USM-285 form and shall
9 include the costs incurred by the United States Marshal's office for photocopying
10 additional copies of the summons and complaint and for preparing new USM-285
11 forms, if required.  Costs of service will be taxed against the personally served
12 defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).
13     7. Defendant shall reply to the complaint within the time provided in Fed. R. Civ. P.
14 12(a).
15     8. Unless otherwise ordered, all motions to dismiss, motions for summary judgment,
16 motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59
17 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to timely oppose
18 such a motion may be deemed a waiver of opposition to the motion.  See L.R. 230(l).  Opposition
19 to all other motions need be filed only as directed by the court.
20     9. If plaintiff is released from prison while this case is pending, any party may request
21 application of the other provisions of L.R. 230 in lieu of L.R. 230(l).  Until such a motion is
22 granted, L.R. 230(l) will govern all motions described in #8 above regardless of plaintiff's
23 custodial status.  See L.R. 102(d).
24     10. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and
25 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the
26 following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P.
27 56. Such a motion is a request for an order for judgment in favor of the defendant without trial.
28 A defendant's motion for summary judgment will set forth the facts that the defendant contends

1  are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a
2  motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do
3  this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under
4  penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge
5  of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.
6  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
7  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
8  have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff
9  must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part
10 of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in
11 this proceeding. If plaintiff fails to contradict the defendant's evidence with counter-affidavits or
12 other admissible evidence, the court may accept defendant's evidence as true and grant the
13 motion. If there is some good reason why such facts are not available to plaintiff when required
14 to oppose a motion for summary judgment, the court will consider a request to postpone
15 consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and
16 file a written opposition to the motion, or a request to postpone consideration of the motion, the
17 court may consider the failure to act as a waiver of opposition to the defendant's motion. See
18 L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or
19 unopposed, judgment will be entered for the defendant without a trial and the case will be closed
20 as to that defendant.

21       11. If defendant moves for summary judgment, defendant must contemporaneously serve
22 with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v.
23 Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).
24 **Failure to do so may constitute grounds for denial of the motion.**

25       12. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled
26 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural
27 device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162 (9th Cir.
28 2014) (*en banc*). Following the decision in Albino, a defendant may raise the issue of exhaustion

in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. at 1169.  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Id.  The court encourages defendant to bring motions raising exhaustion issues early in the case.  Id. at 1170.

13. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

14. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective.  See L.R. 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

15. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

16. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

IT IS HEREBY RECOMMENDED that defendants Silva and Ruiz be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

/////
/////
/////
/////

5

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 2, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow0225.1(a)

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[2] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).