UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>            Plaintiff,<br><br>     v.<br><br>SAHIR NASEER, et al.,<br><br>            Defendants. | No.  2:14-cv-0225 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On December 2, 2014, the court screened plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A(a) and found that the complaint states a claim upon which relief can be granted under the Eighth Amendment against defendant Naseer.  All other defendants and claims were dismissed.  Defendant Naseer (defendant) has now filed a motion for summary judgment in which he argues, among other things, that plaintiff did not exhaust available administrative remedies with respect to plaintiff's remaining claim prior to filing suit.  The court notes that plaintiff filed an amended opposition to the motion on January 26, 2016 (ECF No. 56).  Defendant has not objected to the amended opposition.  Accordingly, the court considers the amended opposition and not the original filed on January 22, 2016 (ECF No. 55).

////

In the operative third amended complaint (ECF No. 22), which is signed under the penalty of perjury, plaintiff alleges that between September 29 and October 1, 2013, he suffered from chest pain, muscle weakness, nausea, vomiting and other symptoms consistent with a condition known as hyperkalemia—too much potassium in the blood. Plaintiff alleges that while he was suffering from these symptoms, defendant, a physician employed at the California Health Care Facility (CHCF) in Stockton, wrote medical orders placing plaintiff on "fluid restrictions," thereby "preventing plaintiff from implementing counter-measures to abate the toxicity of potassium in plaintiff's blood."

On October 1, 2013, plaintiff's chest pain and other symptoms became worse. Plaintiff was sent to San Joaquin General Hospital and tests performed there revealed plaintiff was hyperkalemic with a "critical value" of 5.9.

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation. Cal. Code Regs. tit. 15, § 3084.7.

Plaintiff admits he never presented his claim that defendant improperly placed plaintiff on "fluid restrictions" between September 29 and October 1, 2013 for review at the third level. Plaintiff did file a grievance with respect to this claim, however. In the grievance, which was submitted on October 3, 2013, plaintiff asserted that on October 1, 2013, he was placed on fluid restrictions by defendant. Plaintiff complained that he did not give his "informed consent" to this. Plaintiff asked that an investigation by internal affairs be commenced. ECF No. 56 at 52-54.

The November 6, 2013 response to petitioner's grievance is as follows:

> The First Level Appeal . . . determined not to be a staff complaint and proceeded to be processed as disagreement with treatment.
>
> A review of your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were

> reviewed.
>
> You requested to discontinue fluid restriction that was administered by Dr. Naseer. The eUHR was reviewed. You were interviewed face to face on the date of this evaluation. You were explained and understood the consequences of drinking excessive amounts of water and you made it known that you would take responsibility for that. You signed a refusal form and the fluid restriction was discontinued.
>
> Appeal Decision:
>
> Based upon the aforementioned information, your appeal is Partially Granted.

ECF No. 56 at 49-50. Plaintiff did not appeal this decision.

In his opposition, plaintiff asserts the remedy he sought in this grievance was that the "fluid restrictions" medical order be discontinued. ECF No. 56 at 56. Plaintiff asserts that since the remedy he sought was provided at the first level, further exhaustion was not necessary. There are two problems with this argument. First, as indicated above, when plaintiff submitted his grievance he submitted it as a "staff complaint" appeal, requesting that certain staff members be investigated and disciplined. Second, to the extent the grievance could be construed as a request that the order for "fluid restrictions" be lifted, administrative remedies with respect to the claim for damages in this action would not be exhausted upon the granting of that request. The issue before this court concerns defendant's past conduct, not whether plaintiff should remain on "fluid restrictions."

Plaintiff submitted a second grievance before the first one was decided on October 8, 2013. ECF No. 56 at 61-62. In this grievance, plaintiff asserted that medical and custodial staff were trying to kill him by various methods including denying him the ability to self-treat hyperkalemia though "fluid dilution" and "controlled blood-letting." Plaintiff sought an immediate transfer to Atascadero State Hospital. On October 16, 2013, plaintiff's appeal was screened out at the first level because the appeal "involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response . . . " Plaintiff was informed that he could submit unrelated issues separately using separate appeals. ECF No. 56 at 60. Plaintiff took no further action with respect to this grievance.

3

The exhaustion requirement demands "proper" exhaustion. <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (20016). In order to "properly exhaust" administratively remedies the prisoner must generally comply with the prison's procedural rules throughout the administrative process. <u>Jones v. Bock</u>, 218 U.S. 199, 218 (2006). With respect to plaintiff's second grievance, plaintiff did not comply with the CDCR's "single event" rule. Because there does not appear to be any reason to excuse plaintiff's failure to comply with that rule, the court finds that plaintiff did not exhaust administrative remedies with respect to his second grievance.

In light of all the evidence before the court, the court finds that plaintiff did not exhaust all available administrative remedies with respect to his remaining Eighth Amendment claim for damages before he brought this action. Therefore, his third amended complaint must be dismissed. In light of this finding, it is not necessary for the court to reach the other arguments raised in defendant's motion for summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Naseer's motion for summary judgment (ECF No. 47) be granted;

2. This action be dismissed for failure to exhaust administrative remedies; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

brow0225.57