UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DEXTER BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAHIR NASEER, et al.,<br><br>　　　　Defendants. | CIV. NO. 2:14-0225 WBS CKD P<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Dexter Brown ("Brown"), a prisoner proceeding pro se, brought this action for violation of his civil rights under 42 U.S.C. § 1983 primarily alleging violations of his Eighth Amendment rights.  Before the court is Defendant Sahir Naseer's ("Naseer") motion for summary judgment (Docket No. 47).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2016, the magistrate judge filed findings and recommendations (Docket No. 64) in which she recommended that the action be dismissed for failure to exhaust administrative

1

remedies. As the court will resolve the motion based on the merits of Brown's claim, the court expresses no opinion as to whether Brown properly exhausted his administrative remedies. The court also does not address whether Naseer is entitled to qualified immunity.

I. Factual Background and Procedural Background

In Brown's Third Amended Complaint, he alleges that between September 29 and October 1, 2013, he suffered from chest pain, muscle weakness, nausea, vomiting, and other symptoms consistent with too much potassium in the blood, a condition known as hyperkalemia. Brown alleges that while he was suffering from these symptoms, Naseer, a physician at the California Health Care Facility in Stockton, wrote medical orders placing him on fluid restrictions, "thereby preventing plaintiff from implementing counter-measures to abate the toxicity of potassium in plaintiff's blood." Third Am. Compl. ¶ 6.

Brown also alleges that Naseer directed medical staff not to run various tests or send Brown to receive emergency medical services. On October 1, 2013, Brown's chest pain and other symptoms worsened and he was sent to San Joaquin General Hospital, where tests revealed he was hyperkalemic with a critical potassium level.

As a result of these actions, Brown filed a complaint against Naseer and other defendants. After Brown filed multiple amended complaints, the magistrate judge screened the Third Amended Complaint in her December 2, 2014 Findings and Recommendations and found 1) it stated a claim upon which relief can be granted under the Eighth Amendment against defendant

2

Naseer but 2) all other claims and defendants should be dismissed. The court adopted the Findings and Recommendations on February 24, 2015. Defendant Naseer later filed the instant motion for summary judgment seeking dismissal of Brown's Eighth Amendment claim.

## II. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Alternatively, the moving party can demonstrate that the nonmoving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita

3

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

To state a claim under 42 U.S.C. § 1983 based on inadequate medical care under the Eighth Amendment, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference is a high legal standard," and it requires more than a showing that prison officials were negligent or even grossly negligent. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A difference of medical opinion regarding a prisoner's treatment "does not amount to a deliberate indifference to [the prisoner's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

III. Discussion

Here, Brown has not shown anything more than a difference of opinion as to the proper diagnosis and treatment of his condition. Brown concedes that he was on dialysis at the time of his treatment and that excessive fluid intake in dialysis patients can lead to fluid retention, which can cause fluid to accumulate in the lungs, respiratory failure, and subsequent death. Brown also concedes that he had engaged in drinking large amounts of water in the past in order to self-medicate himself, and he further concedes that Naseer placed him on fluid restrictions to prevent him from drinking copious amounts of water. The facts that Brown believed he was never at risk for respiratory failure or death from this practice and that Brown believed Naseer intended to harm him do not raise a genuine issue of material fact as to whether Naseer was deliberately indifferent.[1]

In essence, Brown contends that he should have been allowed to self-medicate with water to treat hyperkalemia and that he should have been tested and treated for hyperkalemia, in light of his symptoms. However, he provides no admissible evidence that his preferred treatment was an appropriate treatment for his condition, much less that Naseer was deliberately indifferent by refusing such treatment, in light of the undisputed risks of such treatment for dialysis patients. Nor do the facts that a subsequent blood test showed an elevated

---

[1] Similarly, Brown's vague statements about individuals adding potassium to his diet and similar claims that others intended to harm him are insufficient to raise a genuine issue of material fact as to whether Naseer was deliberately indifferent.

5

potassium level, or that as Brown contends, he exhibited symptoms consistent with hyperkalemia, show that Naseer was deliberately indifferent by refusing to test his potassium levels or give him an EKG, without any competent evidence showing, for example, how other doctors would have responded to such symptoms. Viewing the facts in the light most favorable to Brown, the record supports only a potential claim for negligence, not deliberate indifference.[2]

IT IS THEREFORE ORDERED that Naseer's motion for summary judgment be, and the same hereby is, GRANTED.

Dated: October 11, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Brown contends in his amended response to Naseer's motion for summary judgment that Naseer did not address his arguments regarding "compulsory medical treatment." However, while Brown's Third Amended Complaint does mention his attempt to refuse fluid restrictions, it is unclear how any compulsory medical treatment in the form of fluid restrictions would constitute a cognizable claim aside from the denial of adequate medical care under the Eighth Amendment of the Constitution. Moreover, the magistrate judge's December 2, 2014 Findings and Recommendations, which were adopted in full by the court, found that Brown stated a claim for violation of the Eighth Amendment only, and thus only Brown's Eighth Amendment claim is properly before the court.